# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>JAMES SCHAEFER, et al., 　　　)<br>　　　　Defendants. 　　　　　　)　 | Cause No.: 2:14-CR-93-PPS-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant James Schaefer's motion for a Bill of Particulars [DE 83], filed by Defendant James Schaefer on February 18, 2016. The Government filed a response on February 26, 2016, and Defendant filed a reply on March 4, 2016.

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The decision whether to require a bill of particulars lies within the sound discretion of the trial court. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). The purposes of a bill of particulars include: (1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with information sufficient for him to prepare his defense. *See United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984). A bill of particulars is unnecessary if an indictment "includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes is sufficient to notify the [defendant] of what the government intended to prove." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013) (citing *Fassnacht*,

332 F.3d at 446). Adequate discovery can "satisfy the need for a bill of particulars." *Id*. at 928. "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Fassnacht*, 332 F.3d at 446 (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)). "[T]he key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *Vaughn*, 722 F.3d at 927 (quoting *Blanchard*, 542 F.3d at 1140).

On September 24, 2015, Defendant Schaefer along with Defendants Jack Weichman, Ari Weichman, and William Bercaw were indicted in a 36-count Second Superseding Indictment. Schaefer was, at all relevant times, an employee of Weichman and Associates in Munster, Indiana, where he worked as an accountant. Schaefer is charged only in Count Eleven.

Counts One through Eight of the Indictment allege Bank Fraud against Jack Weichman. The Bank Fraud purportedly involved a scheme that ran from 2002 through 2013 in which monies were transferred and misappropriated from bank accounts linked to two clients that were serviced by Weichman and Associates. No charges have been brought against Schaefer in connection with these Counts. Count Nine alleges Bank Fraud against Jack Weichman. Count 10 alleges Concealment of Assets by Jack Weichman in connection with his personal bankruptcy, which he filed in 2008.

Count Eleven, the only count in which James Schaefer is charged, alleges Conspiracy to Conceal Assets in connection with Jack Weichman's personal bankruptcy petition and relates to a purported scheme to defraud Jack Weichman's bankruptcy creditors. The fraud allegedly involves the intentional concealing of post-petition income by means of false W-2s issued to Jack Weichman's son, Ari, and by means of purportedly false monthly filings with the bankruptcy court, which, according to the Government, should have, but did not, disclose the payments that Jack Weichman made to his son or certain of Jack Weichman's personal expenses that were paid by

2

Weichman and Associates.

Counts Twelve through Twenty-Five charge Jack Weichman with fourteen counts of Concealment of Assets in connection with the monthly reports he filed in his bankruptcy proceeding. Each count relates to a different monthly report and details specific omissions that Jack Weichman purportedly made to hide assets from the bankruptcy Trustee. Counts Twenty-Six and Twenty-Seven are Money Laundering charges brought only against Jack Weichman and Ari Weichman. Counts Twenty-Eight through Thirty-One are Wire Fraud charges brought only against Bercaw related to the scheme in which monies were obtained from the clients referenced in Counts One through Eight. Counts Thirty-Two through Thirty-Six charge Filing False Tax Returns, which are only brought against Jack Weichman.

In Count Eleven, Schaefer is charged with participating in a conspiracy in violation of 18 U.S.C. §§ 152(1) and 371, which took place from 2008 through 2012 and the objective of which, as set forth in the Indictment, was the concealment of post-petition income, assets, and funds from the bankruptcy creditors so that Jack Weichman could use those funds for his own personal expenses. Among those funds are $790,000 in payments to Ari Weichman that were fraudulently classified in the books and records of Weichman and Associates and MMDS as wage payments. Count Eleven alleges that Jack Weichman was able to accomplish this goal with the assistance of Schaefer through the submission of monthly cash flow reports to the bankruptcy court that did not accurately identify all the money Jack Weichman was receiving and spending and through the preparation of false income tax returns that could be used to further bolster the claim that the money paid to Ari Weichman was wage income. The charge further provides that Schaefer was responsible for classifying all payments coming out of Weichman and Associates and MMDS and for preparing the tax returns for those entities as well as the tax returns for Ari and Jack Weichman.

Schaefer argues that he did not prepare the W-2s issued to Ari Weichman and noted that he is not alleged to have signed, attested to, or to have filed the monthly statements. Thus, Schaefer argues that the Indictment is devoid of any detail upon which one could determine the basis for the claim that he intentionally did anything with the expectation that the bankruptcy court or Jack Weichman's creditors would be defrauded. Schaefer notes that the Government has provided over 700,000 pages of discovery materials, which he alleges has left him trying to find the proverbial needle in a hay stack in relation to the charge against him. Schaefer argues that his review of the discovery so far provides no clue as to what, if any, basis the Government has for alleging that Schaefer intentionally withheld any information from the bankruptcy court, or why he should be held responsible for any alleged omissions in documents filed by Jack Weichman and his counsel in his bankruptcy case. He also contends that he is entitled to know more about the descriptions of his legal obligations, reasoning that Jack Weichman's bookkeeper, and not Schaefer, prepared the monthly filings with the bankruptcy court. Schaefer argues that the monthly reports were not sworn to, submitted by, or signed by Schaefer.

Schaefer makes a request for the following particulars:

1. Identify any document, witness statement or other evidence that shows that James Schaefer knowingly or intentionally omitted any specific material information from any monthly report filed in Jack Weichman's bankruptcy.

2. Identify each material false and fraudulent pretense, representation, promise and omission made by James Schaefer in furtherance of the alleged conspiracy.

3. Identify each monthly report that the government claims is false and the precise false statement or material omission contained in each such report for which Mr. Schaefer is purportedly responsible.

4. With respect to request number 3 above, identify any document, witness statement or other evidence that shows that James Schaefer was aware of said false statement at the time the statement was filed.

5. With respect to request number 3 above, identity each defendant or individual that was involved in the preparation of the respective monthly reports and describe what each such defendant or individual did to assist in the purported falsification of such report.

6. Specify what, if anything, defendant James Schaefer did to "devise" the scheme to defraud Jack Weichman's bankruptcy creditors.

7. Identify the motive, or anything that the government alleges that was received in consideration, for James Schaefer's purported agreement to enter into a conspiracy to falsify monthly reports in the Weichman bankruptcy.

8. Specify what, if anything, James Schaefer did, or what involvement he had, if any, in the decision to prepare, and/or in the preparation of the W-2s that were issued to Ari Weichman.

9. Specify what actions any defendant took to cause the alleged omissions in the monthly statements.

10. Specify what the legal basis is for the government to allege that James Schaefer had disclosure obligations to the bankruptcy Trustee or to creditors in the Weichman bankruptcy.

11. Specify what the legal basis is for the government's claim that monies that Jack Weichman paid to his son out of MMDS and Weichman and Associates bank accounts should have been disclosed on the monthly reports.

12. Give the date, location and parties present when any defendant or co-schemer engaged in the acts alleged in furtherance of the scheme in Paragraphs 11 and 12 of Count 11 of the indictment.

13. Explain the Government's legal theory as to why the monthly reports in any way effected the bankruptcy creditors and detail any evidence, including any expert testimony that the Government intends to rely on to argue that the bankruptcy creditors were affected, in any way, by the monthly reports.

14. Describe the "property" referred to in Paragraph 4 of the Forfeiture Allegation that James Schaefer purportedly derived as a result of the conduct alleged in Count Eleven of the indictment.

(Def. Mot. 8).

The format of the Indictment is a "speaking" indictment. The objective of the conspiracy is

set out in paragraph 7:

> 7. Beginning in or about 2008 and continuing through 2012, in the Northern District of Indiana, the defendants, Jack Weichman, Ari Weichman, and James Schaefer, did knowingly and intentionally, combine, conspire, confederate and agree with each other to devise a scheme and artifice to defraud defendant Jack Weichman's bankruptcy creditors by concealing post-petition income, assets and funds from them and ultimately allowing defendant Jack Weichman to use those funds at his discretion and for his benefit, including for his personal expenses in violation of Title 18, United States Code, Section 152(1) and 371.

Count Eleven provides the following allegations that sufficiently set forth the factual basis for the charge against Schaefer:

> 3. Defendant James Schaefer was the Accounting/Tax Manager at Weichman and Associates. Defendant Schaefer prepared the tax returns for MMDS, Weichman and Associates, Jack Weichman and Ari Weichman.
>
> 4. Defendant James Schaefer was also responsible for making sure that any money paid out by MMDS and Weichman and Associates was properly classified on the books and records of those companies.
>
> 5. Defendant Jack Weichman with the assistance of defendant James Schaefer submitted, and caused to be submitted, monthly cash flow reports to the U.S. Bankruptcy Court and the U.S. Bankruptcy Trustee. The monthly cash flow reports required the debtor, defendant Jack Weichman, to report all cash received from all sources as well as all cash spent during the monthly reporting period.
>
> 10. From 2008 through 2012 in furtherance of this conspiracy defendant James Schaefer prepared income tax returns for MMDS, Weichman and Associates and defendant Ari Weichman claiming that defendant Ari Weichman was employed and received wage income from MMDS and Weichman and Associates, when in fact he knew that defendant Ari Weichman was not employed by and did not work for either business during the years 2008 through 2012.
>
> 13. From 2008 through June 2011, defendants James Schaefer and Jack Weichman failed to report on defendant Jack Weichman's Monthly Cash Flow Reports money that defendant Jack Weichman directed to be paid to his son defendant Ari Weichman out of MMDS and Weichman and Associates bank accounts.

14. From 2008 through July 2011, defendants James Schaefer and Jack Weichman failed to report on defendant Jack Weichman's Monthly Cash Flow Reports tens of thousands of dollars that was being paid, primarily by Weichman and Associates, to American Express to cover personal credit card charges made by and on behalf of defendant Jack Weichman and his family members.

(Second Superseding Indictment, Count Eleven).

In addition, the Government has provided the voluminous discovery in a searchable format with an inventory and a folder reference summary. The Government has also repeatedly offered to assist and did assist counsel for Schaefer with discovery questions and retrieval.

A motion for bill of particulars is not the proper vehicle for testing the sufficiency of the Government's case or to require the Government to disclose how it intends to prove its case. *See United States v. Arms*, No. 14-CR-78, 2015 WL 3513991, at \*9-12 (E.D. Wis. June 3, 2015) (citing cases).

The Court finds that a bill of particulars is unnecessary given the sufficient factual and legal detail contained in the Indictment. Accordingly, the Court hereby **DENIES** Defendant James Schaefer's motion for a Bill of Particulars [DE 83].

SO ORDERED this 19th day of April, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT