UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 2:14-cr-93 |
| | ) | |
| JAMES SCHAEFER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

James Schaefer is charged with one count (Count 11) of conspiracy to conceal assets. (DE 48 at 13-14.) Schaefer was formerly an accountant who appears to have worked for two firms owned by codefendant Jack Weichman, Weichman & Associates and MMDS. The indictment alleges that Schaefer conspired with Weichman and his son, codefendant Ari Weichman ("Ari"), to defraud Weichman's chapter 11 creditors by concealing income, assets, and funds on monthly cash flow reports filed in Weichman's bankruptcy proceedings and on tax returns. (*Id.*) Schaefer moves to dismiss Count 11 on grounds that he had no duty of disclosure to the United States Trustee or Weichman's creditors and because "it is not fair" that Schaefer must "wait until trial to learn of the evidence of his purported agreement . . . to commit bankruptcy fraud." For the reasons below, Schaefer's motion to dismiss is denied.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and for each count must cite "the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." An indictment

complies with Rule 7(c)(1) and is constitutionally adequate, so long as "it states the elements of the crime charged, informs the defendant of the nature of the charge so she may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecutions for the same offense." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997) (citations omitted).

Count 11 more than satisfies Rule 7(c)(1). The count notes the statutory basis for the charge (18 U.S.C. §§ 152, 371) and sets out the elements of the conspiracy. (DE 48 at ) More specifically, it explains that Jack Weichman was obligated to pay unsecured creditors in his chapter 11 bankruptcy with income from Weichman & Associates and MMDS and that Schaeffer and his codefendants agreed on a scheme to avoid those payments. (*Id.*) The indictment alleges that Schaefer knowingly and intentionally prepared the firms' tax returns and monthly cash flow reports to show hundreds of thousands of dollars as paid to defendant Ari Weichman when they were not. (*Id.* at 14-16.) It further alleges that the cash flow reports Schaefer prepared did not reflect amounts Jack Weichman paid to Ari Weichman and to American Express for personal expenses. (*Id.* at 16-17.)

This is more than enough information to allow Schaefer to prepare a defense against conspiracy and to enable him to plead the judgment against future prosecutions for the same offense. Further, and as Schaefer conceded in his reply, Schaefer can be charged for conspiracy to commit bankruptcy, even if he is not charged with the underlying bankruptcy fraud. (DE 122 at 3 (citing *Gebardi v. United States*, 287 U.S. 112,

2

121 (1932)). Accordingly, Rule 7(c)(1) is satisfied.

Nevertheless, Schaefer argues that the indictment is defective because "[t]he government . . . has never provided a shred of information in support of the assertion about an agreement between Schaefer and Weichman to defraud creditor[.]" (DE 122 at 2.) But those are evidentiary issues, and this is not the time to "test the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (citations omitted). The task at hand now is evaluating the sufficiency of the indictment, and in doing, so the allegations contained in the indictment are taken as true. *Id.*

For these reasons, Schaefer's Motion to Dismiss the Indictment (DE 119) is **DENIED.**

**SO ORDERED.**

ENTERED: August 5, 2016

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT
