# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CR-93-PPS-PRC |
| ) | |
| ARI WEICHMAN, et al., ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Severance Due to Improper Joinder [DE 123], filed by Defendant Ari Weichman on July 13, 2016. The Government filed a response on August 11, 2016.

## PROCEDURAL HISTORY

On September 19, 2014, the Government filed a nine-count Indictment against Jack Weichman, and on May 20, 2015, the Government filed a Superseding Indictment against Jack Weichman. On September 24, 2015, the Government filed a 36-count Second Superseding Indictment against Jack Weichman, Ari Weichman, James Schaefer, and William Bercaw.

Counts 1-8 of the Second Superseding Indictment allege that Jack Weichman committed bank fraud in that he fraudulently sought to obtain money and funds under the control of Centier Bank by means of false and fraudulent pretenses and representations.

Count 9 alleges that Jack Weichman committed bank fraud by making false representations to Fifth Third Bank by omitting certain debts.

Count 10 alleges that Jack Weichman concealed assets in bankruptcy, including the concealment of $351,900 in wire transfers from January 29, 2008, through November 10, 2008, that Jack Weichman caused to be made from bank accounts held in the names of MMDS and Weichman and Associates to an E-Trade account, **773, held in the name of his son, Ari Weichman.

Count 11 charges Jack Weichman, Ari Weichman, and James Schaefer with conspiracy to conceal assets in bankruptcy. Count 11 makes the following allegations. In his bankruptcy filing, Jack Weichman told the bankruptcy trustee that he would be paying his unsecured creditors with existing and future income and that his income came from two sources—MMDS and Weichman and Associates. James Schaefer was the Accounting/Tax Manager at Weichman and Associates. Schaefer prepared the tax returns for MMDS, Weichman and Associates, Jack Weichman, and Ari Weichman. Schaefer was responsible for making sure that any money paid by MMDS and by Weichman and Associates was properly classified on the books and records of those companies. Jack Weichman, with the assistance of Schaefer, submitted Monthly Cash Flow Reports to the United States Bankruptcy Court and the United States Bankruptcy Trustee. The monthly cash flow reports required Jack Weichman to report all cash received from all sources as well as all cash spent during the monthly reporting period. Ari Weichman was never employed by nor did he do work for MMDS or Weichman and Associates.

Count 11 further charges that Jack Weichman, Ari Weichman, and Schaefer, beginning in 2008 and continuing through 2012, defrauded Jack Weichman's bankruptcy creditors by concealing post-petition income, assets, and funds and ultimately allowing Jack Weichman to use those funds at his discretion and for his benefit. It was part of the conspiracy that Jack Weichman, Ari Weichman, and Schaefer, in an effort to conceal Jack Weichman's true financial condition and the assets he actually had available to pay creditors, claim that hundreds of thousands of dollars were paid to Ari Weichman as wage income from his alleged employment at MMDS and Weichman and Associates; however, Ari Weichman never worked at MMDS or Weichman and Associates during the years 2008 through 2012. Jack Weichman caused W2s to be created for Ari Weichman for this alleged wage income in the total amount of $790,000.00. From 2008 through 2012, in furtherance

of the conspiracy, Schaefer prepared income tax returns for MMDS, Weichman and Associates, and Ari Weichman, claiming that Ari Weichman was employed and received wage income from MMDS and Weichman and Associates when Schaefer knew that Ari Weichman was not employed by and did not work for either business during those years.

Count 11 further alleges that from 2009 through 2012, money allegedly paid to Ari Weichman was used by Jack Weichman to make approximately $30,000.00 in payments on an $850,000 life insurance policy with a cash surrender value in excess of $100,000.00. This policy was concealed from the bankruptcy Trustee and Jack Weichman's creditors. From July 2011 through 2012, money that had allegedly been paid to Ari Weichman was used by Jack Weichman to make approximately $9,800 in payments on a boat he owned and which he represented to the bankruptcy Trustee and his creditors would be sold or turned over to the bank holding the loan on the boat. Jack Weichman kept the boat and concealed from the bankruptcy Trustee and his creditors his continued possession of and loan payments on the boat.

Count 11 alleges that, from 2008 through June 2011, Schaefer and Jack Weichman failed to report on Jack Weichman's Monthly Cash Flow Reports money that Jack Weichman directed to be paid to Ari Weichman out of MMDS and Weichman and Associates bank accounts. From 2008 through July 2011, Schaefer and Jack Weichman failed to report on Jack Weichman's Monthly Cash Flow Reports tens of thousands of dollars that was being paid, primarily by Weichman and Associates, to American Express to cover personal credit card charges made on behalf of Jack Weichman and his family members.

Counts 12-25 charge Jack Weichman with concealing assets in bankruptcy.

Counts 26-27 charge Jack Weichman and Ari Weichman with money laundering. Count 26 alleges that Jack Weichman and Ari Weichman did knowingly engage in and attempt to engage in

a monetary transaction, through a financial institution, affecting interstate commerce, in criminally derived property the value of which was greater than $10,000.00, namely the issuance of a $200,000.00 check payable to Jack Weichman drawn on Centier Bank account # ***252 held in the name of Ari Weichman. This $200,000.00 check was derived, partially, from checks deposited into Ari Weichman's Centier Bank Account # ***252 in the amounts of $125,209.17, $91,487.53, and $59,308.72, which represented property having derived from a specified unlawful activity, namely the concealment of assets in bankruptcy as alleged in Count 21, sections a, b, and c.

Count 27 alleges that Jack Weichman and Ari Weichman did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property the value of which was greater than $10,000.00, namely the issuance of a $40,000 check payable to Jack Weichman drawn on a Centier Bank account # ***252 held in the name of Ari Weichman, with the property having derived from a specified unlawful activity, namely, the concealment of assets in bankruptcy as alleged in Count 10, Section a.

Counts 28-31 charge William Bercaw with wire fraud.

Counts 32-36 charge Jack Weichman with filing false tax returns.

## ANALYSIS

In the instant motion, Ari Weichman asks the Court to find that the charges against him are improperly joined under Federal Rule of Criminal Procedure 8 and, in the event the Court finds joinder proper, to sever his trial under Federal Rule of Criminal Procedure 14(a).

Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The rule further provides that "[t]he defendants may be charged in one or more counts together or separately"

4

and that "[a]ll defendants need not be charged in each count." *Id*. In determining whether joinder is proper, the Court "look[s] solely to the face of the government's indictment and not to any evidence ultimately presented at the defendant's trial." *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998). In *United States v. Garner*, the Seventh Circuit Court of Appeals held that "[i]t is well-established that a conspiracy charge is a proper basis for joinder under Rule 8(b)." 837 F.2d 1404, 1412 (7th Cir. 1987); *see also United States v. Morales*, 655 F.3d 608, 624 (7th Cir. 2011); *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995); *United States v. Diaz*, 876 F.2d 1344, 1355-56 (7th Cir. 1989).

Ari Weichman argues that the bank fraud counts alleged against Jack Weichman have "virtually nothing" to do with the counts against him. He further argues that he is not alleged to have participated in the alleged illegal activity involving the misuse of client's funds or bank fraud. He contends that there is no connection between the counts involving him and the counts against the other defendants, such as bank fraud or failing to file tax returns. He also suggests that these charges are not part of the same series of acts or transactions.

Joinder is proper in this case because the counts involve similar conduct and a common scheme or plan, namely to defraud clients and/or creditors of Weichman and Associates and MMDS out of money and assets. When read as a whole, the Second Superseding Indictment reflects a sequence of connected events that portray a business operation, Weichman and Associates and MMDS, functioning as a vehicle for Jack Weichman to allegedly defraud his clients and creditors. Ari Weichman is connected to this scheme in Counts 11, 26, and 27. His conduct spans January 2008 through 2012 and involves the concealment of hundreds of thousands of dollars that were removed from Jack Weichman businesses that had been designated as a source of funding for the repayment of unsecured creditors. The movement of that money, as described in Counts 11, 26, and

5

27, included stops in various bank and/or brokerage accounts that identify Ari Weichman as the owner. The money, which should have been disclosed to the bankruptcy Trustee and creditors, routinely ended up in the hands of Jack Weichman who used it for his own personal benefit. Among the unsecured creditors victimized by this conduct was Weichman and Associates/MMDS client Dr. B.

James Schaefer, the Accounting/Tax Manager at Weichman and Associates and the person responsible for preparing tax returns for the Weichman entities as well as the personal tax returns for Jack Weichman and Ari Weichman, is charged in Count 11 with a conspiracy to defraud Jack Weichman's unsecured creditors by concealing post-petition income and assets from those creditors. This conspiracy, which spanned from 2008 through 2012, included both Jack Weichman and Ari Weichman.

Ari Weichman allegedly did not work at Weichman and Associates or MMDS but accepted hundreds of thousands of dollars from those entities characterized as compensation, during the pendency of Jack Weichman's bankruptcy. That money, as the indictment alleges, ultimately returned to Jack Weichman. Schaefer prepared Ari Weichman's tax returns during the years that the Monthly Cash Flow Reports were required in the bankruptcy proceeding.

Jack Weichman, and the concealment of his fraudulent conduct, is the common link between all counts of the second superseding indictment. The scheme spanned several years and included a series of embezzlements from accounts and credit lines ostensibly belonging to physician clients. One of those physician clients was one of the largest unsecured creditors in Jack Weichman's bankruptcy. Ari Weichman is connected to the scheme to defraud Jack Weichman's creditors and the bankruptcy Trustee by his receipt of compensation from the Weichman business entities when he was not an employee. This action allowed the money to stay out of the hands of Jack Weichman's

6

creditors. The money then returned to Jack Weichman, leading to the charges of money laundering in Counts 26 and 27. All the stages of this common plan or scheme makes joinder of Ari Weichman proper under Rule 8(b). *See United States v. White*, 737 F.3d 1121, 1132-33 (7th Cir. 2013).

Thus, the Court turns to the request for severance. Federal Rule of Criminal Procedure 14(a) provides that, if the joinder of offenses or defendants "appears to prejudice a defendant or the government," the court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The determination of risk of prejudice is left to the sound discretion of the court. *United States v. Rollins*, 301 F.3d 511, 517-18 (7th Cir. 2002). The Court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id*. It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767-68 (7th Cir. 1988).

Ari Weichman argues that he is entitled to severance under Rule 14(a) because Jack Weichman is the main defendant and most of the discovery provided by the Government deals with Jack Weichman's actions related to the bank fraud or bankruptcy fraud. He argues generally that the amount of evidence offered against Jack Weichman at trial, including Rule 404(b) evidence, will be overwhelming and prejudicial to him. Other factors he contends go to prejudice include the fact that he is Jack Weichman's son and that the charges against the other defendants "have virtually nothing in common with the charges against Ari Weichman." He also notes the complexity of the case and suggests that a jury will be unable to consider the evidence admitted against him in light of the government's likely use of bankruptcy and tax experts.

7

In this case, Ari Weichman has not met his burden, and severance is not warranted. Based on the detailed analysis of joinder under Rule 8 above, Ari Weichman's suggestion that the charges against him "have virtually nothing in common" with the charges against the others is not well taken. In addition, although thhere is a large volume of evidence in this case, volume alone does not dictate a finding of complexity. The charges of the indictment set out a series of events that demonstrate a business preventing its client and creditors from acquiring the assets of Jack Weichman that in fact belong to those clients and creditors. Ari Weichman is alleged to have directly participated in the charged criminal activity that spanned several years and involved hundreds of thousands of dollars. There is little risk of jury confusion as to Ari Weichman's alleged role in the conspiracy. Any potential confusion can be cured with limiting instructions. *See United States v. Dixon*, 184 F.3d 643, 646 (7th Cir. 1999). The jury should be able to compartmentalize the evidence against each defendant. Ari Weichman has not shown that a specific trial right will be compromised or that the jury will not be able to make a reliable judgment about his guilt or innocence.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Severance Due to Improper Joinder [DE 123].

SO ORDERED this 3rd day of October, 2016.

/s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT